IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOSHUA DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 2:15-cv-2304-JDT-dkv |
| | ) |
| JAMES HOLLOWAY, ET AL., | ) |
| | ) |
| Defendant. | ) |

_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(a)(1)-(2) OR PAY THE $350 CIVIL FILING FEE
_____

On May 8, 2015, Plaintiff Joshua Dunn, Tennessee Department of Correction prisoner number 412303, who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff submitted a handwritten declaration in support of his motion to proceed *in forma* pauperis (ECF No. 2) but, neglected to submit a properly completed application to proceed *in forma pauperis* and a copy of his trust account statement as required by 28 U.S.C. § 1914(a)-(b).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), [t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2). In this case, although Plaintiff submitted an *in forma pauperis* affidavit (ECF No. 2.) he did not include a copy of his trust account statement.

Therefore, the Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed *in forma pauperis*. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the affidavit, he may, within 30 days after the date of this order, file a motion for extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

*McGore*, 114 F.3rd at 605.[2]

IT IS SO ORDERED

                                                **s/James D. Todd**_____
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F3d. 378, 381 (6th Cir. 2002).